IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC. | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:10-cv-957 |
| ENER-CHI, LLC | § § | JURY DEMANDED |
| | § § | |
| Defendant. | § | |

# COMPLAINT

Farouk Systems, Inc. ("FSI" or "Plaintiff") files this Complaint against Ener-Chi, LLC ("Ener-Chi" or "Defendant") and would respectfully show the Court as follows:

## PARTIES

1. Plaintiff Farouk Systems, Inc. is a Texas corporation with its principal place of business in Houston, Texas.

2. On information and belief, Defendant Ener-Chi, LLC is a California limited liability company having a principal place of business at 605 San Lorenzo Street, Santa Monica, California 90402. On information and belief, Defendant Ener-Chi may be served through its registered agent Charles Weingarten, at 605 San Lorenzo Street, Santa Monica, California 90402.

## JURISDICTION AND VENUE

1. The United States District Court for the Southern District of Texas has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 in that this matter is a civil action arising under the Constitution, laws, or treaties of the United States. This action

1

involves federal trademark rights, federal Lanham Act violations, and other federal causes of action.

2.      This Court has supplemental jurisdiction over FSI's claims for trademark and trade name infringement, unfair competition and dilution under the laws of the State of Texas pursuant to 28 U.S.C. § 1367.

3.      Defendant, on information and belief, does business in Harris County, Texas, and a substantial part Defendant's acts and conduct giving rise to the claims herein occurred in Harris County, Texas.

## FACTUAL BACKGROUND

4.      FSI owns U.S. Trademark Registration No. 3,054,490, issued January 31, 2006, for the mark CHI® for magazines in the field of haircare, beauty, and fashion.  A true and correct copy of the U.S. Trademark Registration No. 3,054,490 is attached hereto as Exhibit A and is incorporated herein.  U.S. Trademark Registration No. 3,054,490 is valid, subsisting, and in full force and effect.

5.      FSI owns U.S. Trademark Registration No. 2,660,257, issued December 10, 2002, for the mark CHI® for electric hair curling irons.  U.S. Trademark Registration No. 2,660,257 is valid, subsisting, and in full force and effect.

6.      FSI owns U.S. Trademark Registration No. 3,107,769, issued June 20, 2006, for the mark CHI® for electric hand-held dryers.  U.S. Trademark Registration No. 3,107,769 is valid, subsisting, and in full force and effect.

7.      FSI owns U.S. Trademark Registration No. 3,426,769, issued May 13, 2008, for the mark CHI® for hair coloring preparations, namely, hair color lighteners, color lock

treatments, color developers, and colors.  U.S. Trademark Registration No. 3,426,769 is valid, subsisting, and in full force and effect.

8. Additionally, FSI is the owner of U.S. Trademark Registration No. 3,387,588 for the mark CHI NANO for various hair irons; U.S. Trademark Application Serial No. 76/512,597 for the mark CHI for hair care products, namely, shampoo, thermal hair protective treatment, hair strengthening treatment, hair conditioner; hair care preparations, namely, solutions which bond to the hair to strengthen the hair, and solutions to transform frizzy, curly, or damaged hair; U.S. Trademark Registration No. 3,331,008 for the mark ULTRA CHI for hair dryers; and U.S. Trademark Application Serial No. 77/265,353 for the mark BIOCHI for various hair irons.

9. The trademark CHI® (the "Mark") is associated exclusively in the United States with FSI for use with magazines and numerous hair care and fashion products.  FSI has used the mark CHI® in interstate commerce continuously since at least as early as 2004.  As a result of FSI's marketing of its products and the extensive advertising and other business generation efforts to promote the Mark, the Mark has become well-known in the Houston metropolitan area, the State of Texas, and the United States as identifying FSI's products and business.  Customers and potential customers in these areas have come to identify the Mark as originating with FSI.  Consequently, FSI has developed substantial recognition among the consuming public for its high quality products sold under its CHI® Mark and has acquired and enjoys a valuable reputation and significant goodwill associated with its CHI® Mark and products sold under its CHI® Mark.

10. FSI's use in the United States of the Mark in the hair care and fashion industry and on magazines has been exclusive.  As a result of this exclusive use of the Mark and the long and widespread use that has been made by FSI of the Mark, there is substantial recognition and

association of the Mark with FSI by the consuming public for hair care, fashion, and magazine products.

11.     Ener-Chi, without authorization or license from FSI, has knowingly and willfully used the CHI® Mark in connection with magazines and clothing.  Defendant has and continues to include on its website, www.enerchi.com, a banner at the bottom of the page, which includes various magazines bookended by a left-side-vertical column stating "chi ~ news" and a right-side-vertical column stating "spread the chi."  A true and correct copy of a portion of Defendant's website located at www.enerchi.com including CHI in connection with magazines is attached hereto as Exhibit B.  Defendant has and continues to include on its website, www.enerchi.com, CHI~SPLASH in connection with clothing.  A true and correct copy of a portion of Defendant's website located at www.enerchi.com including CHI~SPLASH in connection with clothing is attached hereto as Exhibit C.

12.     By including FSI's Mark in connection with magazines and clothing, Defendant is infringing upon FSI's trademark rights by creating a substantial likelihood that consumers will be confused, misled, or deceived into believing that Defendant's goods or other items displayed on Defendant's website originate from, are associated with, sponsored by, or otherwise affiliated with FSI.  Accordingly, Defendant's use of the CHI® Mark on its website in connection with clothing, magazines, and other products diminishes the value of the Mark.

13.     Furthermore, Defendant's use of the CHI® Mark on its website in connection with clothing, magazines, and other products, without FSI's permission, is diluting the value of the Mark and damaging the goodwill and high quality reputation of FSI's CHI® branded products.

14. As a consequence of these activities and the impairment to FSI's goodwill, reputation, and customer base, FSI has been irreparably harmed to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is permanently enjoined by this Court from continuing their unlawful activity.

### COUNT I - TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE LANHAM ACT

15. FSI repeats and realleges the allegations set forth in paragraphs 1-14.

16. Defendant's improper use of FSI's mark CHI® is confusing to consumers and constitutes infringement of FSI's trademark rights in violation of the Lanham Trademark Act ("Lanham Act"). Defendant's unauthorized use of FSI's mark CHI® violates Section 43 of the Lanham Act which prohibits the use of a trademark in connection with any goods in such a manner as is likely to cause confusion as to the origin, sponsorship, or approval of the goods. *See* 15 U.S.C. § 1125. Defendant's use of FSI's mark CHI® also violates Section 32 of the Lanham Act prohibiting the unauthorized use of a trademark in connection with any goods which is likely to cause confusion. *See* 15 U.S.C. § 1114.

17. Defendant is currently using FSI's mark CHI® in connection with magazines and clothing and will continue to do so unless enjoined from doing so by this Court. The continuing acts of Defendant are jeopardizing the goodwill of FSI and its valuable Mark, and such acts have caused and are causing irreparable injury to FSI and to the consuming public. Unless the acts of Defendant complained of herein are enjoined by this Court, it will continue to cause irreparable injury to FSI and to the public, for which there is no adequate remedy at law. Accordingly, FSI seeks injunctive relief prohibiting the infringing acts by Defendant complained of herein.

18. Additionally or, in the alternative, FSI seeks an accounting and its actual and consequential damages resulting from Defendant's infringing acts. Moreover, FSI seeks

punitive, additional, and enhanced damages from Defendant. FSI also seeks a finding that Defendant is liable for all damages, costs, and attorneys' fees awarded to FSI as a result of Defendant's violation of FSI's rights.

### COUNT II - TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER TEXAS LAW

19. FSI repeats and realleges the allegations set forth in paragraphs 1-18.

20. The acts of Defendant complained of above constitute trademark infringement and unfair competition under the common law of the State of Texas. As a result of the infringement and unfair competition by Defendant, FSI has suffered and will continue to suffer injury and damage in an amount yet to be determined. Upon information and belief, the acts of infringement by Defendant have resulted in substantial unjust profits and unjust enrichment on the part of Defendant in an amount yet to be determined. Such acts of trademark infringement and unfair competition are causing harm to FSI.

21. The continuing acts of Defendant are jeopardizing the goodwill of FSI and its valuable Mark, and such acts have caused and will continue to cause irreparable injury to FSI and to the consuming public. Unless the acts of the Defendant complained of herein are enjoined by this Court, they will continue to cause irreparable injury to FSI and to the public, for which there is no adequate remedy at law. Additionally or in the alternative, FSI seeks an accounting and its actual and consequential damages as a result of Defendant's infringing acts which have resulted in confusion among the public. Moreover, FSI seeks punitive and enhanced damages for Defendant's willful conduct. FSI also seeks a finding that Defendant is liable for all damages, costs, and attorneys' fees awarded to FSI as a result of Defendant's violation of FSI's rights.

### COUNT III - TRADEMARK DILUTION UNDER TEXAS LAW

22. FSI repeats and realleges the allegations set forth in paragraphs 1-21.

23. The facts set out above demonstrate that Defendant is diluting the exclusivity and distinctiveness of the Mark in violation of the Texas Anti-Dilution Act. Defendant's unauthorized use of FSI's Mark constitutes a dilution of FSI's Mark and injures FSI's business reputation, in violation of TEX. BUS. & COM. CODE § 16.29. If Defendant is allowed to continue to operate by associating itself with FSI's Mark, the distinctiveness of FSI's Mark will be diminished or destroyed.

24. As a result of the dilution by Defendant, FSI has suffered, and is suffering, injury and damage in an amount yet to be determined. Upon information and belief, the acts of dilution by Defendant have resulted in and are currently resulting in substantial unjust profits and unjust enrichment on the part of Defendant in an amount yet to be determined. FSI seeks injunctive relief to prevent this type of injury from continuing. Additionally or in the alternative, FSI seeks an accounting and damages. FSI also seeks a finding that Defendant is liable for all damages, costs, and attorneys' fees awarded to FSI as a result of Defendant's violation of FSI's rights.

### COUNT IV - REQUEST FOR MONETARY RELIEF, TREBLE DAMAGES AND ATTORNEYS' FEES AND COSTS

25. FSI repeats and realleges the allegations set forth in paragraphs 1-24.

26. The acts of Defendant complained of above have resulted in trademark infringement and unfair competition. Accordingly, pursuant to 15 U.S.C. § 1117(a), FSI is entitled to recover 1) Defendant's profits; 2) any damages sustained as a result of Defendant's infringing acts; and 3) the costs associated with these causes of action.

27. Moreover, FSI is entitled to an award of treble damages, as well as an award of punitive damages, pursuant to 15 U.S.C. § 1117(b) as a result of the extenuating circumstances

of this case, Defendant's intentional use of the Mark, and Defendant's gross, wanton, and/or willful conduct.

28.     Furthermore, as a result of Defendant's actions, FSI has been required to retain the services of counsel to represent it in this matter, and it has been forced to incur and is presently incurring attorneys' fees in order to enforce its trademark rights.  These fees and expenses are necessary and reasonable in order to prosecute this matter.  Accordingly, FSI requests that it be granted an award of attorneys' fees and costs as a result of Defendant's actions.

## DEMAND FOR JURY TRIAL

29.     FSI demands a trial by jury on all claims and issues.

## CONCLUSION AND PRAYER

30.     WHEREFORE, Farouk Systems, Inc. prays for entry of judgment:

   a.  finding that Defendant have infringed U.S. Trademark Registration No. 3,054,490, and Farouk Systems, Inc.'s common law trademark rights in the Mark CHI®;

   b.  finding that Defendant has falsely and intentionally mislead consumers by directly or indirectly representing that Defendant's products are endorsed by, sponsored by, or affiliated with Farouk Systems, Inc.;

   c.  finding that Defendant has diluted the goodwill associated with Farouk System, Inc.'s Mark CHI®;

   d.  finding that Defendant has engaged in unfair competition;

   e.  enjoining Defendant, their officers, directors, agents, employees, representatives, successors, assigns, if any, and those in privity or concert with them from further acts that would amount to infringement of U.S. Trademark Registration No. 3,054,490, and Farouk Systems, Inc.'s common law trademark rights in the Mark CHI®, dilution of Farouk Systems, Inc.'s goodwill associated with Farouk System, Inc.'s Mark CHI®, or unfair competition;

   f.  awarding Farouk Systems, Inc. all damages caused by the acts of Defendant and all profits of Defendant from acts complained of, and/or all

        costs to Farouk Systems, Inc. caused by Defendant's activities complained of herein;

g.     trebling the damages and profits awarded to Farouk Systems, Inc. as authorized by 15 U.S.C. § 1117;

h.     granting Farouk Systems, Inc. pre-judgment and post-judgment interest on the damages caused to Farouk Systems, Inc. by reasons of Defendant's activities complained of herein at the highest rates allowed by law;

i.     finding that this is an exceptional case and awarding Farouk Systems, Inc. its reasonable and necessary attorneys' fees in accordance with 15 U.S.C. § 1117;

j.     awarding costs to Farouk Systems, Inc.; and

k.     awarding Farouk Systems, Inc. such other and further relief, at law or in equity, as the Court may deem just and proper under the circumstances.

        Respectfully submitted,

        GREENBERG TRAURIG LLP

        By: /Anthony F. Matheny/
            Anthony Matheny
            Attorney-In-Charge
            Texas State Bar No. 24002543
            Ben D. Tobor
            Texas State Bar No. 20050900
            Jason P. Sander
            Texas State Bar No. 24046792
            1000 Louisiana, Suite 1700
            Houston, Texas   77002
            (713) 374-3583 (Telephone)
            (713) 754-7583 (Fax)

        ATTORNEYS FOR PLAINTIFF
        FAROUK SYSTEMS, INC.